## COMMONWEALTH *vs.* JOANNA G. REMBY.

Evidence of an unlawful sale of intoxicating liquor to an agent, with notice that he was purchasing for his principal, will not support an allegation in an indictment of a sale tc the agent.

One who is tried on several complaints charging him with unlawful sales of intoxicating liquors to the same person on different days, and convicted upon evidence which is sufficient to prove only one such sale, may be sentenced on either one of the complaints, and have a new trial on the others.

METCALF, J. Five complaints were made against the defendant, charging her with selling intoxicating liquor, on five different days, without any lawful authority for so doing. The first four of these complaints charged her with selling the liquor to Mary E. Dexter, and the fifth with selling to Margaret Lufkin. The defendant was convicted, by a justice of the peace, on the several complaints; and upon her appeal to the court of common pleas, all the complaints were submitted to one jury, at the same time, and they found her guilty on each, under instructions from the court, to which she alleged exceptions. ·

It appears, from the bill of exceptions, that the evidence on the first four complaints was, that in one instance the sale was to Mary E. Dexter, who bought for herself; that in two other instances she bought for other persons, who sent her to procure liquor from the defendant, and sent money by her, and that she informed the defendant, at the times of the purchases, that those persons furnished the money, and that she was getting the liquor for them, at their request; and that in one other instance she bought liquor of the defendant for another person, but that she did not know whether she informed the defendant of that fact or not.

The evidence on the fifth complaint was, that Margaret Luf kin was sent by other persons to buy liquor for them; that they furnished her with money for that purpose; that she bought liquor of the defendant with the money so furnished, telling her these facts at the time of the purchase; and that she carried the liquor to the persons for whom she bought it.

So far as the bill of exceptions shows, there was no testimony at the trial, by any witnesses besides Mary E. Dexter and Margaret Lufkin.

The jury were instructed, that " evidence showing a sale to witnesses acting as the agents of other parties, and so informing the defendant, was sufficient to sustain the allegation, in the complaints, of a sale to the witnesses." This, in our opinion, was not a right instruction.

In the instances in which the witnesses gave notice to the defendant that they were buying for others, the sales were not, in law, to them, but to their employers, and therefore ought to have been so alleged in the complaints. When, however, a purchase is made by an agent, of whose agency the seller has not sufficient notice, express or implied, the sale may be regarded, in law, as made to the agent, and so it may be alleged in an indictment or complaint. *Commonwealth* v. *Kimball*, 7 Met. 308. On three of the complaints, it is clear, the defendant was wrongly convicted; because there was a variance between the allegations and the proofs. On another of the complaints, also, she was wrongly convicted; because it did not appear whether she was

43 *

or was not informed that Mary E. Dexter was buying the liquors for another person.   This question should have been submitted to the jury, with instructions that, if the defendant was so informed, they should acquit her; otherwise, that they should find her guilty.

The first four complaints, which. charge the defendant with sales to Mary E. Dexter, are precisely alike, except that each alleges a sale on a day different from that on which it is alleged in either of the others.   But as the day alleged is immaterial, proof of any sale to her supported either of the complaints. The court are therefore of opinion that judgment may be rendered on any one of those complaints; the defendant having been found guilty on each of them, and having been legally proved guilty on one of them.   See *Commonwealth* v. *Miller* 3 Cush. 243, 256.   The exceptions are overruled in the case of the first complaint, and a new trial is granted on the other four.

*J. W. Perry*, for the defendant.

*T H. Clifford*, (Attorney General,) for the Commonwealth.